NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL W. JOHNSON, | No. 22-15604 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-03101-JAM-JDP |
| v. | |
| JOE A. LIZARRAGA, Warden, The Warden; CHARLOTTE REYNOLS, The Superintendent II Cal PIA; C. SMITH, MD FACP Chief Physician/Surgeon; SAM WONG, Doctor; CRAIG VERNON, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted June 26, 2023**

Before:     CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

California state prisoner Michael W. Johnson appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016), and we affirm.

The district court properly granted summary judgment because Johnson failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his request to leave work midday to obtain medication for his ulcerative colitis. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."); *Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

Johnson's motion for an order of default (Docket Entry No. 12) is denied.

**AFFIRMED.**